José MIGUEL CASTRO, Plaintiff and Appellant, *v.* ROYAL BANK OF CANADA, Defendant and Appellee.

No. 3670. Argued June 23, 1925.—Decided July 13, 1925.

DEBT—PAYMENT BY MISTAKE—SHORTAGE IN ACCOUNT.—When the cashier of a bank pays a shortage in his account in the belief that he owes the money to the bank and the bank receives the amount in the belief that it is receiving a sum to which it is entitled it can not be held that the cashier made the payment by mistake, and the fact that a surplus may appear later does not entitle the cashier to recover the amount if it is not proved that the surplus corresponds to the shortage that appeared while he was cashier.

District Court of Mayagüez, Angel Acosta, J. Judgment for the defendant in an action for refund. *Affirmed.*

Angel A. *Vázquez* for the appellant. *José Sabater* and *Hartzell, Kelley & Hartzell* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff appeals from a judgment of dismissal rendered after a trial *de novo* in the district court and complains of error in the weighing of the evidence and "infraction" of sections 1796 and 1797 of the Civil Code.

The judgment below is based upon the following findings and conclusions:

"1. That on December 19, 1922, while the plaintiff was discharging the duties of teller of the Royal Bank of Canada of this city, his account showed a surplus of eight cents; that on the day following, December 20, 1922, a deficit of $399.97 appeared. That as soon as the plaintiff (after balancing his cash) noted the deficit of $399.97 he notified J. V. Fulladosa, manager of the defendant bank, who proceeded to examine the accounts of the plaintiff with the result that the figures were correct, but despite an investigation and verification of the cash on hand the deficit remained, the plaintiff being unable to ascertain or explain the cause or reason thereof.

"2. That the plaintiff continued in his post of teller until January 17, 1923, when he was transferred to another department of the bank and his place filled·by Angel Rovira, who from that time to the present has discharged the duties of the said office in the defendant bank. That when the other employee Rovira took charge, the said deficit was charged to the deficit account of the Bank and subsequently in July of 1923 the plaintiff left the service of the defendant bank.

"3. That the plaintiff admitted the existence of the deficit and agreed to pay off the amount in partial payments or instalments, which he did, his last payment of $61.33 being made on March 31, 1924, when the bank, through its manager, Mr. Fulladosa, signed a receipt for the said amount, stating that it was the balance of plaintiff's indebtedness to the defendant by reason of the deficit in question.

"4. That after the plaintiff had left the service of the defendant bank, namely, August 27, 1923, the official accounts of teller Angel Rovira showed a surplus of $400, which amount was credited to the surplus account. Wherefore plaintiff now contends that because of the existence of this surplus of $400 he should be refunded the deficit he paid to the defendant bank.

"5. After weighing the evidence presented by both sides the court finds that there was no error in the cash accounts as kept, first by plaintiff José Miguel Castro and later by his successor Angel Rovira; that there really was a deficit when plaintiff Castro was teller, that is, in the cash itself; that this was shown by a recount of the money in his possession and that there was also a surplus in the recount of the money in possession of Angel Rovira, the other teller who succeeded the plaintiff; that when the plaintiff certified (*sic*) the payment of the deficit to the defendant bank he did so under the conviction that he had contracted the obligation to pay the deficit since his duties as an employee of the defendant bank carried with them an obligation to pay any deficits that might occur in the discharge of his duties as teller and he paid the amount admitting that he had contracted the debt, the defendant bank accepting payment convinced that it was collecting a genuine credit to which it was entitled.

·"Wherefore, after considering sections 1796 *et seq.* of the Civil Code on which the present action is based the court is of the opinion that the defendant was within its rights when it collected from its employee, the plaintiff, the deficit in question and that in paying

the deficit the plaintiff was convinced that he had contracted a lawful debt and did not make the payment by mistake or in error, and the fact that later the cash operations of the bank may have shown at times a surplus and at others a deficit, and that on August 27, 1923, there was a surplus of $400 without any proof on the part of the plaintiff that such surplus corresponded to the deficit that occurred while he acted as teller, does not entitle him to a refund, and therefore the complaint is dismissed in all its parts with costs to the defendant, and the secretary is ordered to enter judgment in keeping with this opinion."

The brief for appellant contains neither answer nor reference to these findings and conclusions, which were omitted in the record prepared by appellant and brought up by appellee after the filing of appellant's brief. The document last mentioned is a mere outline of such portions of the evidence as tend to support plaintiff's theory of the case, together with the conclusions drawn therefrom by counsel.

A careful reading of the briefs and of so much of the transcript as is cited therein has aroused no serious doubt in our mind as to the correctness of the conclusions reached by the court below and the judgment appealed from must be affirmed.